## VARNUM *v.* SKINNER *et al.*

*(Supreme Court, General Term, Fifth Department.  June 20, 1890.)*

WITNESS—CREDIBILITY.

In an action against the maker and indorser of a note, the joint answer of defendants alleged an agreement by which plaintiff's intestate was to receive from the maker $10 above lawful interest on the loan, which was the consideration of the note.  The indorser testified that, some days before the date on which the agreement was averred in the answer to have been made, the intestate agreed to make a loan of $200 upon a note payable to the order of the indorser, that a bonus of $10 was paid by the maker, and that afterwards he (the indorser) delivered the note of $200 to the intestate, and received $188.  *Held*, that the jury was justified in discrediting the testimony of the indorser.

Appeal from circuit court, Monroe county.

Action by Jonas P. Varnum, administrator, etc., of Charles J. Hayden, deceased, against George W. Skinner and John Slater.  Judgment was given for plaintiff, and defendants appeal.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*W. E. Edmonds,* for appellants.  *Howard L. Osgood,* for respondent.

MACOMBER, J.  This action, which was brought to recover upon a promissory note in the sum of $200, given by the defendants to the plaintiff's intestate in the month of January, 1888, is defended upon the ground of usury.  The case as settled does not contain any certificate that the whole of the evidence given upon the trial is returned to us, and hence, under the authorities which are now familiar to the profession, we are not able to review the question whether the verdict of the jury was against the weight of the evidence.  The defendant Skinner was the maker, and the defendant Slater was the indorser, of the note in suit.  The joint answer of the defendants is that there was a corrupt and usurious agreement between the defendant Skinner and

the decedent, whereby the latter was to receive the sum of $10 over and above lawful interest upon the loan which was the consideration of the note. This agreement was alleged in the answer to have been made on the 2d day of January, 1888. Upon the trial the defendant Slater was called as a witness, and his testimony was properly excluded so far as the same related to any personal transaction with the decedent; but he was permitted to testify in behalf of his co-defendant, Skinner, and the only question is whether this witness has succeeded in making out a defense for his co-defendant. There was no evidence to contradict the story thus told by the indorser, and the same was submitted by the learned court to the jury under instruction which substantially advised them that they were not bound by such testimony if the same conflicted with the circumstances of the case, and were so inconsistent with the attendant facts as that the jury should not give credence to the witness. In this we think there was no error. Slater's evidence is, in substance, that some days before January 1, 1888, the defendant Skinner, who wished to raise the sum of $200, went with the witness to the intestate, and asked for a loan in that amount; whereupon the decedent agreed to make the loan upon a note payable to the order of the defendant Slater, and demanded a bonus of $10, which was thereupon paid by Skinner to the decedent; and after January 1, 1888, the defendant Slater took the note to Hayden, delivered it to him, and received a check for $188, which was cashed. It will thus be seen that the story so told by the witness related to a substantially different contract from that set forth in the answer, and was so improbable upon its face as that the jury was justified in rejecting it. *Elwood* v. *Telegraph Co.*, 45 N. Y. 549. The judgment and order appealed from should be affirmed, with costs. All concur.